UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MILTON K. SANDERS,

        Petitioner,

    v.

JOHN KING, Warden of MCF Stillwater,

        Respondent.

Civil No. 08-3406 (DSD/JJG)

**REPORT AND
RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this case be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

In 1998, Petitioner was convicted in the state district court for Hennepin County, Minnesota, on one count of first degree murder, and two counts of attempted first degree murder. He was sentenced to life in prison, plus a consecutive 180-month prison term, and he is presently serving his sentence at the Minnesota Correctional Facility at Stillwater, Minnesota.

Petitioner challenged his conviction and sentence on direct appeal, claiming (i) the

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

trial court erroneously denied his motion for a continuance, (ii) his trial was tainted by prosecutorial misconduct, (iii) the trial court abused its discretion by imposing consecutive sentences, and (iv) there was insufficient evidence to support the jury's verdict.  (Petition, [Docket No. 1], p. (3), ¶ 9.(d).)  On July 29, 1999, the Minnesota Supreme Court denied all of Petitioner's claims on the merits, and affirmed his conviction and sentence.  State v. Sanders, 598 N.W.2d 650 (Minn. 1999), ["Sanders I"].[2]

Petitioner's current habeas corpus petition indicates that he never challenged his conviction and sentence in any state post-conviction proceedings, (Petition, p. (3), ¶ 10), but that is plainly incorrect.  The Court finds that Petitioner did file a state post-conviction motion in the trial court, and after that motion was denied, he took another appeal to the Minnesota Supreme Court.  Sanders v. State, 628 N.W.2d 597 (Minn. 2001) ["Sanders II"]. According to the Minnesota Supreme Court, Petitioner raised several issues in his post-conviction proceedings, including (i) whether his constitutional rights had been violated because he was not present at two pre-trial proceedings, (ii) whether he had been deprived of his constitutional right to effective assistance of counsel at trial, (iii) whether the testimony of two trial witnesses had been coerced by the prosecution, and (iv) whether he had been deprived of his constitutional right to effective assistance of counsel on appeal. Id. at 600-04.  In a published decision dated June 28, 2001, the State Supreme Court rejected all of Petitioner's post-conviction claims, and reaffirmed his conviction and sentence.  Id.

---

[2] Under Minnesota law, appeals in first degree murder cases are taken directly to the State Supreme Court, rather than the Minnesota Court of Appeals.  Minn. Stat. § 632.14.

2

Petitioner's current federal habeas corpus petition was filed on June 27, 2008.  The Petition lists three claims for relief, which are as follows:

(1) that the trial court abused its discretion, and deprived Petitioner of his constitutional right to effective assistance of counsel, by denying Petitioner's request for a continuance so that his attorney would have more time to prepare for trial;

(2) that the Petitioner was deprived of his constitutional right to a fair trial because of the "flagrant misconduct" of the prosecuting attorney; and

(3) that the trial court erred by imposing a sentence that allegedly "exaggerated" Petitioner's "criminality."

(Petition, pp. (5) - (6); ¶ 12.)

However, the Court cannot reach the merits of any of Petitioner's current claims, because this action is clearly barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

## II.  DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates.  The statute provides as follows:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

3

been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim
or claims presented could have been discovered through the
exercise of due diligence.

**(d)(2)** The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent judgment or
claim is pending shall not be counted toward any period of limitation under
this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses

(B), (C) or (D) of § 2244(d)(1) could be applicable.  In other words, there is no suggestion

that the State created any impediment that prevented Petitioner from seeking federal

habeas relief within the prescribed one-year limitations period; nor is there any suggestion

that Petitioner's current claims are based on any new, retroactively applicable,

constitutional ruling, or any new evidence that could extend the deadline for seeking federal

habeas corpus relief.

Thus, the Court finds that the one-year limitations period began to run in this case,

pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the

conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's conviction and sentence were upheld by the Minnesota Supreme Court on

direct appeal on July 29, 1999.  However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the

judgment did not become "final" until the expiration of the deadline for filing a petition for

writ of certiorari with the United States Supreme Court.  Smith v. Bowersox, 159 F.3d 345

(8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until

the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999).

Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest

4

court.  Sup. Ct. R. 13.1.  Thus, Petitioner's judgment of conviction became "final," for purposes of § 2244(d)(1)(A), on October 27, 1999 -- 90 days after the Minnesota Supreme Court upheld his conviction and sentence on direct appeal in Sanders I.

At some point after Sanders I, Petitioner filed a post-conviction motion in the trial court.  On that date, the statute of limitations was tolled, pursuant to 28 U.S.C. § 2244(d)(2).  The statute remained tolled during the entire period of time that Petitioner's post-conviction proceedings were pending in the state courts, including the State Supreme Court.  Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

Petitioner has not disclosed the exact date when he filed his post-conviction motion, (thereby tolling the statute of limitations), and that date is not otherwise readily ascertainable.  It is obvious, however, that the § 2244(d)(2) tolling provision cannot save the current petition from being time-barred, regardless of when Petitioner may have filed his post-conviction motion.  Even if Petitioner filed his post-conviction motion before October 27, 1999, thereby tolling the statute of limitations before it even began to run, this case is still time-barred. If Petitioner is given the benefit of that assumption – i.e., that he tolled the statute of limitations before it otherwise would have begun to run – then the one-year federal statute of limitations would not have begun to run in this case until after the Minnesota Supreme Court denied Petitioner's post-conviction claims in Sanders II. However, Sanders II was handed down on June 28, 2001.  Therefore, even if the statute of limitations did not begin to run in this case until after Petitioner's state post-conviction proceedings were fully completed (on June 28, 2001), the one-year limitations period still would have expired on June 28, 2002.  This means that the current petition, which was filed on June 27, 2008, is almost six years too late, even if the one-year statute of limitations

5

never began to run until after Petitioner's post-conviction proceedings were fully completed.

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred.  See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled").  The Court of Appeals has made it very clear, however, that such tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction."  Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added).  "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).  Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance.  Kruetzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001).  Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him or her to meet the statute of limitations deadline.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling.  It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction."  321 F.3d at 772.  Therefore, the tardiness of this action cannot be excused based on equitable tolling.

## III. CONCLUSION

In sum, the Court finds, for the reasons discussed above, that this action is barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).  The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.  Furthermore, the action should be dismissed with prejudice, because Petitioner is no longer eligible for habeas corpus relief in federal court.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's petition for a writ of habeas corpus, (Docket No. 1), be summarily DENIED;

2.  This action be DISMISSED WITH PREJUDICE.

Dated: July 3, 2008                      s/ *Jeanne J. Graham*
                                         JEANNE J. GRAHAM
                                         United States Magistrate Judge

### NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **July 21, 2008**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.